VALENTÍN, PLAINTIFF AND APPELLANT, *v.* TORRES, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Nullity, etc.

No. 1917.—Decided July 31, 1919.

CONVEYANCE—MENTAL INCAPACITY.—A conveyance made by a person who at the time is so drunk and idiotic that he is mentally incapable of making a deed is null and void.

ID.—CONSIDERATION.—The person who attacks a public deed of conveyance has the burden of proving lack of consideration.

ID.—WITNESS.—A brother-in-law of the wife of the notary before whom a deed of conveyance is executed may be a witness to the act.

ID.—ID.—IMPEACHMENT.—A witness who has been allowed to testify without objection or cross-examination can not be impeached on rebuttal for mental incapacity.

The facts are stated in the opinion.

Mr. *Luis Montalvo Guenard* for the appellant.

Mr. *José Sabater* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

It being alleged by the appellant that the property concerned was ganancial, the appellee introduced evidence tend- ing to show that the property was acquired by his grantor, the alleged husband, by inheritance from the mother of the latter. The court below was apparently satisfied with this proof and, in the absence of other error, so are we.

The complaint in this case not only alleged that the prop- erty sought to be recovered was ganancial, but that the father of complainant, when he made the transfer to appellee, was so drunk and idiotic that he was mentally incapable of making a deed. This averment, if true, would have allowed the com- plainant to recover. There was a finding of the court below that the proof in this regard was totally deficient and we find no reason to disturb the judgment by reason of the alleged incapacity of the grantor.

The complainant also attempted to show that there was no consideration for the transfer and that the defendant was the only witness who gave testimony tending to prove the transfer. But the complaint admits, and the testimony shows, a public deed. As to the payment, the lack of consideration had to be proved by complainant and this was not satisfac- torily done in the court below.

The court below did not err in refusing to admit proof that one of the instrumental witnesses to the deed was a brother-in-law of the wife of the notary. This is a grade ap- parently not included in the notarial law, but this ground of nullity was not alleged in the complaint, was more of an ir-

regularity than a real error and could not affect the validity of the contract as a private one between the parties.

The only other alleged error related to impeaching evidence offered to attack one of the witnesses of the defendant who gave testimony tending to show that the land was the separate property of the husband, that the latter was of sound mind and that a consideration passed. The exact point was that the complainant, after allowing the witness to testify without objection as to his capacity and without cross-examination, offered evidence in rebuttal to show lack of mental capacity of the witness. The authorities show that this class of objection should generally be made when the witness is offered and that the court then should test the capacity of the witness. 40 Cyc. 2237, note 28 *et seq.;* Wigmore, Vol. 1, § 497. Notes to *State* v. *Pryor,* 46 L. R. A. (N. S.) 1030-31. The manner of impeaching witnesses is set out in sections 156 to 161 of the Law of Evidence and an attack on a man's mentality is not included in the modes of impeachment. Generally, too, if a witness could be attacked in this way there would be no end of collateral issues, which is one of the reasons why a summary proceeding should be had in advance. 40 Cyc. 2628, notes 93 and 94.

The court, however, has a discretion and if the interests of justice require it may make an examination at any time. There was no abuse of discretion in this case. The attorney ought to have made his objection when the witness was offered. Failing to do so, he ought to have made some offer which would have justified the necessity for evidence of insanity. The witness, as the record shows, appeared to be sane, according to the ruling of the judge, at the time of the objection. The events of which he spoke happened years before. There was no specification of the time when the witness was supposed to be insane, or the character of the insanity, for it is not every person who has suffered from mental trouble who would be excluded from the witness box.

No witness should be suffered to have his mentality attacked in this vague way. We see neither prejudice nor error.

The judgment must be

*Affirmed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.